IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| UNITED STATES OF AMERICA | ) | CR No.: 3:05-759-JFA |
|---|---|---|
| v. | ) | ORDER |
| CHRISTINA JACOBS | ) | |

Upon motion of the defendant under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at U.S.S.G. § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

IT IS ORDERED that the motion (ECF No. 1175) is DENIED. While the defendant was afforded relief under Rule 35(b) and Amendment 706 to the Guidelines, the Amendment 750 and Rule 35(b) reductions result in the same guideline range for the defendant. Therefore, as Amendment 750 did not lower defendant's guideline range, it does not apply.[1]

IT IS SO ORDERED.

February 7, 2012      Joseph F. Anderson, Jr.
Columbia, South Carolina      United States District Judge

---

[1] The defendant's guideline range at sentencing, based on a total offense level of 38 [38 + 3 (role) - 3 (acceptance) = 38 – 2 (A 706) = 36 – 3 (Rule 35) = 33] and a criminal history category of II is 151 to 188 months. The court sentenced the defendant to 151 months. Her new guideline range of 33 with criminal history category II produces the same range of 151-188 months.