IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CR No.: 3:05-759-JFA |
| ) | |
| v. ) | ORDER |
| ) | |
| CHRISTINA JACOBS ) | |
| ) | |
| _____ ) | |

The *pro se* defendant/petitioner, Christina Jacobs, is an inmate with the Federal Bureau of Prisons. She has filed a petition to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 contending that she should be resentenced under the Supreme Court's holding in *DePierre v. United States*, \_\_\_ U.S. \_\_\_, 131 S.Ct. 2225 (June 9, 2011), which basically established that cocaine based, as used in 21 U.S.C. § 841(b)(1) means not only crack cocaine, but all cocaine in its chemically basic form, which includes the molecule found in crack cocaine, freebase, and coca paste.

The government, here the respondent, has filed a motion to dismiss the § 2255 motion and suggests that this court lacks jurisdiction over the matter because the § 2255 motion is successive. The court advised the defendant in a *Roseboro* order of the importance of her adequate response to the motion to dismiss, however, the defendant did not respond. *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

For the reasons which follow, the court has determined that an evidentiary hearing is not necessary and that the § 2255 motion should be dismissed.

1

PROCEDURAL HISTORY

A review of the docket reveals that the defendant filed her first § 2255 motion, through counsel, on October 12, 2007, claiming ineffective assistance of counsel. The court held an evidentiary hearing on the matter at which time the defendant made a motion to withdraw her § 2255 motion. This court granted the motion to withdraw and dismissed the § 2255 motion with prejudice. The court also granted the defendant's motion for a crack reduction of her sentence under 18 U.S.C. § 3582 and reduced her sentence to 210 months.

Thereafter, the court granted the government's motion under Fed. R. Crim. P. 35(b)(2) and further reduced the defendant's sentence to 151 months for substantial assistance. Additionally, the court denied the defendant's § 3582 motion pursuant to Amendment 750 of the United States Sentencing Guidelines, finding that Amendment 750 did not apply because it did not lower the defendant's guideline range.

As an initial matter, this court is without jurisdiction to consider the present § 2255 motion because it is successive. In order for the defendant to file a second or successive § 2255 claim, the defendant must first obtain authorization from the Fourth Circuit Court of Appeals. *See* 28 U.S.C. § 22555(h) and § 2244(b)(3). The Fourth Circuit may authorize a successive claim only if the defendant makes a prima facie showing that the claim relies on

> (1) "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense"; or
>
> (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

*Id*. § 2255(h); *see also id.* § 2244(b)(3)(C).

Because the defendant provides no evidence to this court that she has obtained pre-filing authorization from the Fourth Circuit, her § 2255 motion is dismissed without prejudice.

A Certificate of Appealability is denied because the defendant has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[1] Denial of a Certificate of Appealability does not prevent the defendant from seeking permission to file a successive petition or pursuing her claims after obtaining such permission.

IT IS SO ORDERED.

*[signature: Joseph F. Anderson, Jr.]*

March 8, 2013                                  Joseph F. Anderson, Jr.
Columbia, South Carolina              United States District Judge

---

[1] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001).